UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES RAY TOLAN, )
)
Petitioner, )
)
v. ) Civil Action No. 17-1795 (UNA)
)
JEFF SESSIONS, *et al.*, )
)
Respondents. )

## MEMORANDUM OPINION

The petitioner is serving a lengthy sentence imposed by the Superior Court of the District of Columbia in 1996. *See* Pet. at 1. He has challenged his convictions on direct appeal, by motion to vacate, set aside, or correct his sentence under D.C. Code § 23-110, moving for a new trial under Superior Court Criminal Rule 33, by applying for DNA testing under D.C. Code § 22-4133 and moving to vacate his conviction on the ground of actual innocence under D.C. Code § 22-4135. *See* Pet. at 2-3. Now before the Court is the petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254, *see* Pet. at 3-4, which in relevant part provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2).[1]

---

[1] Alternatively, the petitioner asserts that the Supreme Court's rulings in *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Johnson v. United States*, 133 S. Ct. 2551 (2015), "are new rules of constitutional law made retroactive to cases on collateral review," Pet. at 4, such that this Court may entertain his claims. These Supreme Court rulings pertain to defendants who had been

The means by which a District of Columbia prisoner may attack his conviction or sentence is a motion under D.C. Code § 23-110. *See, e.g., Byrd v. Henderson*, 119 F.3d 34, 36 (D.C. Cir. 1997) ("[A] District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). His claim "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986).

This petitioner has availed himself – on multiple fronts – of remedies available under District of Columbia law. He cannot demonstrate that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his conviction, even though his prior efforts were not successful. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). Therefore, the petitioner has no recourse in this federal district court. *See, e.g., Ankhamen v. United States*, No. 11-cv-1747, 2012 WL 689109, at *1 (D.D.C. Mar. 1, 2012).

The Court will grant the petitioner's application to proceed *in forma pauperis* and will dismiss his petition for a writ of habeas corpus. An Order accompanies this Memorandum Opinion.

DATE: 10|10|17

_____
United States District Judge

---

sentenced under the residual clause of the Armed Career Criminal Act. *See Johnson*, 133 S. Ct. at 2556 (referring to language in 18 U.S.C. § 924(e)(2)(B)). This petitioner is a D.C. Code offender to whom the Armed Career Criminal Act does not apply.